*904 OPINION.
ARTjndell:
The only question for decision herein is whether the statute of limitations has run against assessment and collection of the deficiency determined by the respondent for the fiscal year ended April 30,1919. The petitioner’s return having been filed on or about July 15, 1919, the statute of limitations, unless waived, would have run on or about July 15, 1924. The first waiver given by petitioner was dated December 31, 1924, and petitioner contends that inasmuch as no agreement was entered into before that date, assessment and collection are barred. We have heretofore held in several cases that waivers executed after the statutory period has run, and before the enactment of the Revenue Act of 1926, are valid to extend the period for assessment and collection. Wells Brothers Co. of Illinois et al., 16 B. T. A. 79, and Pittsburgh Union Stock Yards Co., 16 B. T. A. 139. Before the waiver of December 31, 1924, expired a second waiver dated April 11, 1925, was executed extending the period to December 31, 1925, and before that date, to wit, on October 3, 1225, a third waiver was given extending the period until December 31, 1926. Before the expiration of the last waiver the respondent’s deficiency notice was mailed and was therefore timely.

Decision will be entered determining a deficiency in the amount of $8,646.08 for the fiscal year ended Afril 30, 1919.